206002

GFC/rl

# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| SABRA INTERNATIONAL, INC., § | | |
| Plaintiff § | | |
| § | | |
| v. § | C.A. No. H-06-535 | |
| § | IN ADMIRALTY | |
| M/V YACU PUMA, her engines, boilers, § | RULE 9(h) | |
| and tackle; NAVIERA YACU PUMA § | | |
| S.A., § | | |
| Defendants § | | |

## COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

The plaintiff herein, by its attorneys, Hill Rivkins & Hayden LLP, complaining of the above named vessel and defendant, alleges upon information and belief:

### I.

This is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and 28 U.S. Code § 1333.

### II.

At and during all the times hereinafter mentioned, plaintiff had and now has the legal status and principal office and place of business stated in Schedule A hereto annexed and by this reference made a part hereof.

### III.

At and during all the times hereinafter mentioned, defendant had and now has the legal status and offices and places of business stated in Schedule A, and was and now is engaged in business as a carrier of merchandise by water for hire, and owned, operated, managed, chartered and/or controlled the above named vessel which now is or will be within the jurisdiction of this Court during the pendency of this action.

### IV.

On or about the date and at the port of shipment stated in Schedule A, there was delivered to the vessel and defendant in good order and condition the shipment described in Schedule A, which the said vessel and defendant received, accepted and agreed to transport for certain consideration to the port of destination stated in Schedule A.

### V.

Thereafter, the said vessel arrived at the port of destination described in Schedule A, where the cargo was not delivered as further described in Schedule A.

### VI.

By reason of the premises, the above named vessel and defendant breached, failed and violated its duties and obligations as common carriers and were otherwise at fault.

### VII.

Plaintiff was the shipper, consignee or owner of the shipment as described in Schedule A, and brings this action on its own behalf and, as agent and trustee, on behalf of and for the interest of all parties who may be or become interested in the said shipment, as their respective interests may ultimately appear, and plaintiff is entitled to maintain this action.

### VIII.

Plaintiff has duly performed all duties and obligations on its part to be performed.

### IX.

By reason of the premises, plaintiff has sustained damages, as nearly as same can now be estimated, no part of which has been paid although duly demanded, in the amount of $50,000.00 (FIFTY THOUSAND AND 00/100 DOLLARS).

### X.

Plaintiff further alleges, in the alternative and without waiving the above cause of action, that defendant was a bailee to the plaintiff's cargo described in Schedule A upon the cargo's delivery to the vessel as described in Schedule A. The bailment for mutual benefit between the plaintiff/cargo owner and the defendant was made express by the bills of lading, or, alternatively,

was an implied contract. The defendant refused to deliver the cargo described in Schedule A which was in good condition at the time of the plaintiff's/bailor's delivery to the bailee as described in Schedule A. The defendant breached its duties and obligations as bailee and was negligent.

## XI.

As a result of the above breach and negligence, defendant proximately caused the loss of plaintiff's property, thus causing plaintiff to suffer damages in the amount of $50,000.00 (FIFTY THOUSAND AND 00/100 DOLLARS).

## XII.

All and singular the premises are true and within the admiralty and maritime jurisdiction of the United States and of this Honorable Court.

WHEREFORE, plaintiff prays:

1. That summons in due form of law may issue against defendant;

2. That a judgment may be entered in favor of plaintiff against defendant, for the amount of plaintiff's damages aforesaid, together with interest and costs and the disbursements of this action;

3. That process in due form of law according to the practice of this Court in causes of admiralty or maritime jurisdiction may issue against said motor vessel, her engines, etc., and that all persons having or claiming any interest therein be cited to appear and answer under oath all and singular the matters aforesaid, and this Court will be pleased to pronounce a judgment in favor of plaintiff for its said damages, together with interest, costs and disbursements, and the said motor vessel may be condemned and sold to pay therefor; and

4. That this Court will grant to plaintiff such other and further relief as may be just and proper.

Respectfully submitted,

GEORGE F. CHANDLER, III
SDTX I.D. No.: 12256
712 Main Street, Suite 1515
Houston, Texas 77002
Telephone: (713) 222-1515
Telefax: (713) 222-1359
E-mail: gchandler@hillrivkins.com

ATTORNEY IN CHARGE FOR PLAINTIFF

OF COUNSEL:

HILL RIVKINS & HAYDEN LLP

4

## **SCHEDULE A**

### Legal Status and Place of Business of Parties

Plaintiff, Sabra International, Inc. was and now is a corporation or other entity with an office and place of business in Miami, Florida.

Defendant, M/V YACU PUMA was at all material times a general cargo vessel sailing under the Peruvian flag. The vessel was built in 1977, and its gross tonnage is 10,944 tons. Its official number is 7622807.

Defendant, Naviera Yacu Puma S.A., was and now is a foreign corporation or similar entity, with power to sue and be sued, which regularly does business in Texas and/or the United States as a common carrier of goods, which does not maintain a regular place of business in Texas or a designated agent on whom service may be made, and thus may be served through Rule 4(k)2 of the F.R.C.P. or through the Secretary of State for the State of Texas under the Texas Long-Arm Statute, Tex. Civ. Prac. & Rem. Code § 17.044 et seq., in care of Ravenscroft Shipping Inc., 3251 Ponce de Leon Boulevard, Suite 701, Coral Gables, Florida 33134-7201.

### Description of Shipment

| | |
|---|---|
| Vessel: | M/V Yacu Puma Voy 62-1 |
| Date of Shipment: | 26 September, 2005 |
| Port of Shipment: | Iquitos, Peru |
| Port of Discharge: | Houston, Texas |
| Shipper: | Maderera el Choche S.A.C. |
| Consignee: | Sabra International Inc. |
| Description of Shipment: | 110 Packages of Timber |
| Nature of Loss or Damage: | Non Delivery |
| Amount: | $50,000.00 |
| Bill of Lading: | NYAK-P62-1-IQ-HO-002/3/4<br>NYAK-P62-1-IQ-HO-012/13/14 |

| | |
|---|---|
| THE STATE OF TEXAS | § |
| | § |
| COUNTY OF HARRIS | § |

George F. Chandler, III, being duly sworn, deposes and says:

I am an attorney and partner with the firm of Hill Rivkins & Hayden LLP, attorneys for plaintiff herein; I have read the foregoing complaint and knows the contents thereof; and that the same is true to my own knowledge, except as to the matters therein stated to be alleged on information and belief, and as to those matters, I believe them to be true.

The reason this verification is made by me and not by plaintiff is that plaintiff, Sabra International, Inc., is a corporation, none of whose officers are now within this district.

The sources of deponent's information and the grounds for my belief as to those matters stated in the complaint, to be alleged on information and belief, are documents and records in my files.

Subscribed and sworn to before me, the undersigned authority, this __16th__ day of February, 2006.

ROSA LANDIN
MY COMMISSION EXPIRES
March 26, 2008

Notary Public, State of Texas

6