IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| SABRA INTERNATIONAL, INC., <br> Plaintiff <br><br> v. <br><br> M/V YACU PUMA, her engines, boilers, and tackle; NAVIERA YACU PUMA S.A., <br> Defendants | § § § § § § § § § § | C.A. NO. H-06-535 <br> (ADMIRALTY) |

## ORIGINAL ANSWER OF NAVIERA YACU PUMA S.A.

Defendant/Claimant Naviera Yacu Puma S.A. ("Naviera") files this Original Answer to the Complaint of Sabra International, Inc. ("Plaintiff") and respectfully shows as follows:

I.

### FIRST DEFENSE

Plaintiff's Complaint fails to state a cause of action against Naviera upon which relief can be granted.

II.

### SECOND DEFENSE

Naviera reserves any and all rights it has in any choice of forum and/or choices of law clauses that may exist under any applicable contracts which would give it the right to ask this Honorable Court to either stay, dismiss, or transfer this proceeding in favor of a foreign forum or tribunal elsewhere.

## III.

## THIRD DEFENSE

Pursuant to the Federal Arbitration Act, the Convention on Enforcement of Foreign Arbitration Awards, and/or other applicable law, Naviera reserves any rights it may have to arbitrate this dispute as agreed to by any charter party, bill of lading and/or other contract(s).

## IV.

## FOURTH DEFENSE

Naviera answers the allegations in Plaintiff's Complaint in numbered paragraphs as follows:

1. Naviera admits the jurisdictional allegations in the first paragraph of Plaintiff's Complaint.

2. Naviera denies or lacks knowledge or sufficient information to form a belief as to the truth of the allegations contained in the second paragraph of Plaintiff's Complaint.

3. Naviera admits that it is a foreign business entity without an office in the State of Texas. Naviera further admits that it was at all relevant times the Owner of the M/V YACU PUMA, which has called within the jurisdiction of the Court during the pendency of this action. Naviera denies the remaining allegations contained in the third paragraph of Plaintiff's Complaint.

4. Naviera admits that on or about the 26th of September, 2005, a cargo of timber was delivered to the vessel YACU PUMA at the port of Iquitos, Peru to be discharged at the port of Houston, Texas. Naviera denies the remaining allegations contained in the fourth paragraph of Plaintiff's Complaint.

5. Naviera admits that the M/V YACU PUMA subsequently arrived in Houston, Texas. Naviera denies the remaining allegations contained in the fifth paragraph of Plaintiff's Complaint.

6. Naviera denies the allegations contained in the sixth paragraph of Plaintiff's Complaint.

7. Naviera admits that the consignee on the Bills of Lading is identified as Plaintiff. Naviera denies the remaining allegations contained in the seventh paragraph of Plaintiff's Complaint.

8. Naviera denies the allegations contained in the eighth paragraph of Plaintiff's Complaint.

9. Naviera denies the allegations contained in the ninth paragraph of Plaintiff's Complaint.

10. Naviera denies the allegations contained in the tenth paragraph of Plaintiff's Complaint.

11. Naviera denies the allegations contained in the eleventh paragraph of Plaintiff's Complaint.

12. Naviera admits that this case has been brought under the Court's admiralty jurisdiction. Naviera denies the remaining allegations contained in the twelfth paragraph of Plaintiff's Complaint and denies that Plaintiff is entitled to the relief requested in its Prayer.

## V.

### FIFTH DEFENSE

For further answer, if such be necessary, Naviera invokes all of the rights and immunities granted to it under all applicable bills of lading, charter parties, contracts, and any other applicable law, including, but not limited to, the United States Carriage of Goods by Sea Act, applicable statutory equivalent, and/or the general maritime law, none of which are deemed to be waived.

## VI.

### SIXTH DEFENSE

For further answer, if such be necessary, Plaintiff failed to provide Naviera with the requisite notice of claim within the time required by law, and accordingly a presumption arises that said goods were delivered in the same order and condition as when received onboard the M/V YACU PUMA.

## VII.

### SEVENTH DEFENSE

For further answer, if such be necessary, if any damages have been sustained by Plaintiff, which is not admitted but specifically denied, then such damages were caused by the fault of third parties for whom Naviera is not legally responsible.

## VIII.

### EIGHTH DEFENSE

For further answer, if any be necessary, Plaintiff failed to mitigate its damages, if any.

## IX.

### **NINTH DEFENSE**

For further answer, if any be necessary, Plaintiff's alleged damages, if any, were caused by an inherent defect, quality, or vice of the subject cargoes.

## X.

### **TENTH DEFENSE**

For further answer, if any be necessary, Plaintiff's alleged damages, if any, were caused by an error in navigation of the vessel, which at all times was seaworthy and manned by a competent crew.

## XI.

### **ELEVENTH DEFENSE**

For further answer, if any be necessary, if the cargo mentioned in Plaintiff's Complaint sustained any loss or damage, which is specifically denied, then such loss or damage occurred after the cargoes were delivered and beyond Naviera's control.

## XII.

### **TWELFTH DEFENSE**

For further answer, if any be necessary, Plaintiff does not have standing to assert a claim for damage, if any, to the cargo.

WHEREFORE, PREMISES CONSIDERED, Naviera prays that Plaintiff's claims be dismissed or, in the alternative, that upon final hearing thereof, judgment be entered that Plaintiff take nothing by its suit and that Naviera be awarded its costs incurred in defense of this action and for all other and further relief, both in law and in equity, as to which Naviera may be justly entitled.

Respectfully submitted,

*[signature]*

William A. Durham
State Bar No. 06281800
Fed. ID No. 4172
Bronwyn G. Douglass
State Bar No. 24040826
Fed ID No. 37340
20th Floor, Niels Esperson Building
808 Travis
Houston, TX 77002
(713) 225-0905 – Telephone
(713) 225-2907 – Telefax

*Attorneys in Charge for Claimant/Defendant,*
*Naviera Yacu Puma S.A.*

OF COUNSEL:

EASTHAM, WATSON, DALE & FORNEY, L.L.P.

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I forwarded a true and correct copy of the foregoing Original Answer to the following counsel of record on this the 4th day of April, 2006.

George F. Chandler, III
Hill Rivkins & Hayden LLP
712 Main Street, Suite 1515
Houston, Texas 77002
Facsimile – 713.222.1359

*[signature]*

William A. Durham